**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0014n.06

No. 18-5347

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 11, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| FLAVIO IBANDA BERNAL, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

BEFORE:    BOGGS, KETHLEDGE, and NALBANDIAN, Circuit Judges.

BOGGS, Circuit Judge. Acting on information from a confidential informant, on July 25, 2017, law enforcement officers set up surveillance at a McDonald's restaurant at Newtown Pike and I-64 in Lexington, Kentucky in order to intercept a delivery of narcotics from Illinois to Kentucky. During the surveillance, Flavio Bernal, along with his wife and children, arrived at the McDonald's in an automobile with Illinois license plates. The officers spoke to Bernal outside of the restaurant and obtained his consent to search the vehicle. Upon searching the vehicle, the officers found 783 grams of heroin and arrested Bernal and his wife.

During the surveillance at the McDonald's, the officers also became suspicious of the driver of a maroon SUV parked there. In particular, the driver appeared to be talking on a cell phone at times that coincided with law enforcement's communications with the confidential informant. The officers questioned the driver of the SUV and conducted a consensual search of his vehicle, but they did not find any evidence of criminal activity, nor did they see any contact between him and Bernal.

Bernal and his wife were indicted for possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1). Thereafter, Bernal pleaded guilty to the indictment. There was no written plea agreement, but Bernal unilaterally submitted a "plea declaration" to the district court. In the "plea declaration," Bernal indicated that he had been directed to transport the heroin from Illinois to Kentucky by an individual he knew as "Sam." Bernal claimed that he did not know the location or amount of narcotics in the vehicle.

Prior to sentencing, Bernal argued for a mitigating-role adjustment pursuant to U.S. Sentencing Guidelines Manual § 3B1.2(b), claiming that he "performed a limited function in th[e] offense, acting as a transporter of drugs while always under the constant watchful eye of another, known only as 'Sam'." Bernal claimed that "Sam" was the driver of the maroon SUV whom law enforcement briefly detained the evening that Bernal was arrested and that it was "Sam" who devised the plan for the distribution of the narcotics. The government opposed Bernal's request for a mitigating-role adjustment, arguing that Bernal had not proven that there was another participant in the offense or that he was substantially less culpable than any other participant.

On March 23, 2018, a sentencing hearing was held. The district court denied Bernal's request for a mitigating-role adjustment because Bernal had not proven that "Sam" was a participant or that Bernal was substantially less culpable than "Sam." The court sentenced Bernal to 78 months' imprisonment, the top of the advisory guideline range. This appeal followed.

Section 3B1.2 of the Sentencing Guidelines authorizes a two-level reduction if the defendant is someone "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5). A defendant must prove entitlement to a mitigating-role reduction by a preponderance of the evidence. *See United*

*States v. Searan*, 259 F.3d 434, 447 (6th Cir. 2001). The culpability determination is "heavily dependent upon the facts," USSG § 3B1.2(b), comment. (n.3(C)), and this court "reviews for clear error the district court's findings of fact regarding whether a defendant is entitled to such reduction." *Searan*, 259 F.3d at 447. To be clearly erroneous, "a decision must strike us as more than just maybe or probably wrong; it must … strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990).

Here, the district court found that it could not "determine that [Bernal was] substantially less culpable than the individual he attempted to identify as Sam, and that [Bernal had] not established by a preponderance of the evidence that this other individual would qualify as a participant." This determination was not clear error. The court had nothing but Bernal's self-serving and unverified statements on which to base a determination that he was substantially less culpable in the offense. And Bernal provided no verifiable information about the other individual's identity or involvement in the crime, nor did he provide any evidence to connect his alleged contact, "Sam," with the driver of the maroon SUV. The district court therefore properly found that it had no means by which to compare the two individuals' culpability, nor could it determine that the other individual was even a participant in the crime.

Accordingly, we AFFIRM the ruling of the district court.